UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|   |   |
|---|---|
| IN RE FRANCIS MCQUEEN ROZELLE, JR. AND CLARITA SOMMERS JOHNSON<br><br>*Debtors/Appellants,*<br><br>v.<br><br>PATRICK H. AUTRY,<br><br>*Appellee.* | Cause No. SA 17-CV-01237-RCL |

## MEMORANDUM OPINION

This civil action is before the Court on appeal from an order issued by the United States Bankruptcy Court for the Western District of Texas regarding the jointly administered bankruptcy cases of Francis McQueen Rozelle, Jr. and Clarita Sommers Johnson (Appellants/Debtors). Debtors appeal the bankruptcy court's order allowing the third interim application of Branscomb PC for professional fees and expenses for the period of November 1, 2016 through April 26, 2017. Order, *In re Rozelle*, ECF No. 822 (Bankr. W.D. Tex. Nov. 21, 2017) (14-bk-51480). For the reasons stated below, the bankruptcy court's judgment will be **AFFIRMED** and the appeal will be **DISMISSED**.

I. **Background**

Debtors inherited approximately 114 acres of land in San Antonio, Texas (real property). In 2006, debtors borrowed $8.225 million from Broadway National Bank (Broadway Bank) to buy out Mr. Rozelle's sister and Ms. Johnson's daughter, a third heir to the real property, and to pay taxes related to the real property. Debtors extended the loan on three occasions, with the final date of maturity occurring in August 2011. However, the loan was not repaid by the date of maturity

1

and Broadway Bank posted the property for a non-judicial foreclosure sale. Because of the posting of the foreclosure sale, debtors filed for Chapter 11 bankruptcy in August 2011. In this initial Chapter 11 case, debtors confirmed a plan of reorganization that afforded them 18 months to satisfy the debt before Broadway Bank could foreclose on the real property. After the reorganization plan was confirmed, SLF IV–UTSA Blvd. Noteholder, L.P. (SLF Noteholder) acquired the debt from Broadway Bank. Debtors failed to sell the real property or pay the debt. SLF Noteholder scheduled a foreclosure sale for June 3, 2014. Transcript of Hearing Held on Apr. 21, 2015, *In re Rozelle*, ECF No. 242 (Bankr. W.D. Tex. Apr. 21, 2015) (14-bk-51480).

On June 2, 2014, debtors filed voluntary Chapter 11 bankruptcy petitions for a second time and avoided foreclosure. The cases were jointly administered at Case No. 14-bk-51480. On August 28, 2014, the bankruptcy court ordered the appointment of a trustee in these cases. Order, *In re Rozelle*, ECF No. 46 (Bankr. W.D. Tex. Aug. 28, 2014) (14-bk-51480). The United States Trustee appointed John Patrick Lowe to be the trustee, and the bankruptcy court approved this appointment on September 9, 2014. Order, *In re Rozelle*, ECF No. 57 (Bankr. W.D. Tex. Sept. 9, 2014) (14-bk-51480). The trustee subsequently filed an application to engage Central Texas Realty & Development, LLC (Central Texas Realty) as the real estate broker to assist in the sale of the real property. Application, *In re Rozelle*, ECF No. 87 (Bankr. W.D. Tex. Oct. 20, 2014) (14-bk-51480). The bankruptcy court granted the application on October 30, 2014. Order, *In re Rozelle*, ECF No. 106 (Bankr. W.D. Tex. Oct. 30, 2014) (14-bk-51480). Walter G. Busby was designated as the principal of Central Texas Realty. *Id.* Debtors appealed the order appointing Central Texas Realty, but the district court and Fifth Circuit affirmed the bankruptcy judge's decision. *Rozelle v. Lowe*, Doc. 00513827917 (5th Cir. Jan. 10, 2017) (No. 16-50444); *Rozelle v. Lowe*, ECF No. 38 (W.D. Tex. Mar 29, 2016) (No. 5:15-cv-00108). The trustee also retained Patrick Autry and his law firm—Branscomb PC—to act as his counsel in the administration of the bankruptcy cases with the

approval of the bankruptcy court. Application, *In re Rozelle*, ECF No. 75 (Bankr. W.D. Tex. Oct. 2, 2014) (14-bk-51480); Order, *In re Rozelle*, ECF No. 96 (Bankr. W.D. Tex. Oct. 24, 2014) (14-bk-51480).

The property sold for $20.3 million to Robert Schumacher at an in-court auction on March 26, 2015. Transcript of Hearing Held on Mar. 26, 2015, *In re Rozelle*, ECF No. 220 (Bankr. W.D. Tex. Mar. 26, 2015) (14-bk-51480). On March 27, 2015, the bankruptcy court entered an order authorizing and approving the sale of the real property free and clear of all interests pursuant to 11 U.S.C. § 363(b) and (f). Order, *In re Rozelle*, ECF No. 194 (Bankr. W.D. Tex. Mar. 27, 2015) (14-bk-51480). Debtors appealed this order and asked the district court to stay the sale. Although the district court declined to stay the sale, *Rozelle v. Lowe*, ECF No. 20 (W.D. Tex. May 11, 2015) (No. 5:15-cv-00108), the pending appeal inhibited the trustee's ability to obtain title insurance until the appeal was resolved. Prospective purchasers, including the court-approved purchaser, demanded title policy so this forestalled the closure of the sale.

Consequently, the principal secured creditor, SLF Noteholder, requested relief from the automatic stay under 11 U.S.C. § 362 to be allowed to foreclose on the property. Mot. for Relief from Stay Against Property, *In re Rozelle*, ECF No. 312 332 (Bankr. W.D. Tex. Nov. 17, 2015) (No. 14-bk-51480). On December 14, 2015, the Bankruptcy Court granted SLF Noteholder's request to modify the stay to permit foreclosure. Order, *In re Rozelle*, ECF No. 334 (Bankr. W.D. Tex. Dec. 14, 2015) (No. 14-bk-51480). Debtors' cases were converted to Chapter 7 proceedings on the same day, and John Patrick Lowe was again appointed as the trustee in the converted cases. Order, *In re Rozelle*, ECF No. 332 (Bankr. W.D. Tex. Dec. 14, 2015) (14-bk-51480).

To avoid foreclosure, debtors entered into a stipulation and memorandum of understanding with the trustee to allow the sale to proceed. Stipulation & Mem. of Understanding, *In re Rozelle*, ECF No. 350 (Bankr. W.D. Tex. Dec. 24, 2015) (No. 14-bk-51480). In accordance with this

3

agreement, debtors dismissed their appeal of the sale order and the sale of the real property was completed. After the sale was completed, debtors again challenged the sale order. Debtors alleged that the sale was procured through fraud and should be set aside pursuant to Federal Rule of Civil Procedure 60. Rule 60 Mot., *In re Rozelle*, ECF No. 426 (Bankr. W.D. Tex. Mar. 24, 2016) (No. 14-bk-51480); Mem. in Supp. of Rule 60 Mot., *In re Rozelle*, ECF No. 427 (Bankr. W.D. Tex. Mar. 24, 2016) (No. 14-bk-51480); Am. Rule 60 Mot., *In re Rozelle*, ECF No. 430 (Bankr. W.D. Tex. Mar. 28, 2016) (No. 14-bk-51480); Am. Mem. in Supp. of Rule 60 Mot., *In re Rozelle*, ECF No. 431 (Bankr. W.D. Tex. Mar. 28, 2016) (No. 14-bk-51480); Corrected Rule 60 Mot., *In re Rozelle*, ECF No. 515 (Bankr. W.D. Tex. May 24, 2016) (No. 14-bk-51480); Corrected Mem. in Supp. of Rule 60 Mot., *In re Rozelle*, ECF No. 516 (Bankr. W.D. Tex. May 24, 2016) (No. 14-bk-51480). The bankruptcy court dismissed the Rule 60 motion with prejudice. Order, *In re Rozelle*, ECF No. 547 (Bankr. W.D. Tex. June 7, 2016) (No. 14-bk-51480). Debtors have filed numerous appeals from the bankruptcy court's orders based on the allegation that the appellees engaged in a scheme to sell their real property at an artificially depressed price and committed fraud upon the court by providing false testimony.

## II. Jurisdiction and Standard of Review

### A. Jurisdiction

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a), which provides district courts with the authority to hear appeals from final judgments and orders of bankruptcy judges. When a district court reviews the decision of a bankruptcy court, the district court "functions as a[n] appellate court, and applies the standard of review generally applied in federal court appeals." *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992).

B. Standard of Review

On appeal, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard. *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009). A bankruptcy court's conclusions of law are reviewed *de novo*. *Id.* Mixed questions of law and fact are reviewed *de novo*. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). The court reviews discretionary decisions of the bankruptcy court for abuse of discretion. *See In re Mendoza*, 111 F.3d 1264, 1270 (5th Cir. 1997). The standard of review appropriate for the issue in this appeal, whether the bankruptcy court erred in awarding fees and expenses, is abuse of discretion. "[D]eference . . . is the hallmark of abuse-of-discretion review." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997). A bankruptcy court abuses its discretion if "its ruling is based on an erroneous review of the law or on a clearly erroneous assessment of the evidence." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

**III. Discussion**

A. The Bankruptcy Court's Decision

The bankruptcy court granted the third interim application of Branscomb PC for professional fees and expenses for the period of November 1, 2016 through April 26, 2017 in the amount of $34,727.50 for fees and $1,035.32 for expenses.

B. Legal Standards

Under § 330 of the Bankruptcy Code, bankruptcy courts have the discretion to award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person" in bankruptcy cases. 11 U.S.C. § 330(a)(1)(A). The bankruptcy court also has the discretion to reimburse these parties for "actual, necessary expenses." *Id.* § 330(a)(1)(B). To

5

determine the amount of reasonable compensation to award a trustee under chapter 11, bankruptcy courts must:

> consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

The Fifth Circuit recognizes the lodestar method as a proper tool to calculate "reasonable" attorneys' fees under § 330. *In re Cahill*, 428 F.3d 536, 539–40 (5th Cir. 2005). A court calculates the lodestar by "multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community." *Id.* at 540. A court may then adjust the lodestar "up or down based on the factors contained in § 330 and its consideration of the twelve factors listed" in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19.[1] *Id.* Although a "bankruptcy court has considerable discretion in applying these factors, it must explain the weight given to each factor that it considers and how each factor affects its award." *Id.* (citations omitted).

---

[1] The *Johnson* factors suggest a should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 719.

6

C. Debtors' Central Argument on Appeal

Appellants have filed numerous appeals from bankruptcy court orders, including multiple appeals before this Court. *See, e.g., Rozelle v. Branscomb, P.C.*, No. 5:16-cv-01024, 2017 WL 3301511 (W.D. Tex. July 31, 2017); Order, *Rozelle v. Lowe*, ECF No. 8 (W.D. Tex. March 28, 2018) (No. 5:17-cv-00122). As in these other appeals, appellants argue that the bankruptcy court erred in granting the application for attorney's fees and expenses. Appellants contend that appellees engaged in a scheme to sell their real property at a price significantly below its actual worth and committed fraud upon the court by providing false testimony. Br. of Appellants, ECF No. 13.

Fraud upon the court "requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1982). Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to prove fraud, appellants' bear the burden of establishing that: (1) appellee made a material representation that was false; (2) the appellee knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the appellee intended to induce the appellant to act upon the representation; (4) the appellant actually and justifiably relied on the appellee's representation; and (5) the appellant's reliance on the representation caused the appellant's injury. *See Rozelle*, 2017 WL 3301511, at *2; *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Here, debtors' brief is composed of numerous conclusory and unsupported allegations that detail how appellees schemed to sell the real property for millions less than its actual worth and subsequently committed fraud upon the court by providing false testimony. Br. of Appellants, ECF No. 13. Debtors allege that the real property had been appraised at as high as $52 million and that

7

the sale price of $20.3 million resulted in an approximately $30 million "windfall" for the buyers. *Id.* Debtors contend that numerous actors involved in the bankruptcy proceeding and sale of the real property conspired to obtain the property for well below its fair market value, and provided false testimony to the court to carry out this scheme. *Id.* However, Judge King found that the sale price was fair and adequate. The valuations debtors provided for the real property were based on potential future developments rather than the real property as is. While debtors brief contains an explanation of how the alleged scheme was carried out, this Court finds that they fail to provide sufficient evidence to support their allegations of fraud. As with the other appeals brought in relation to this same bankruptcy case where appellants similarly alleged that the property was sold at an artificially depressed price following acts of fraud, the Court does not find appellants' allegations to be credible. *See Rozelle*, 2017 WL 3301511; *see also* Am. Order, *Rozelle v. Lowe*, ECF No. 25 (W.D. Tex. July 5, 2018) (No. 5:17-cv-01051); Order, *Rozelle v. Lowe*, ECF No. 8 (W.D. Tex. March 28, 2018) (No. 5:17-cv-00122).

### D. The Bankruptcy Court Did Not Err in Granting the Third Interim Application of Branscomb PC for Professional Fees and Expenses

On appeal, this Court reviews the bankruptcy court's award of fees for abuse of discretion. *See In re Woerner*, 783 F.3d 266, 270 (5th Cir. 2015). Here, appellees' third interim fee application presented the requisite lodestar and *Johnson* factor analyses to support their fee determinations. The bankruptcy court concluded that they were reasonable and necessary, and approved the application. While debtors allege that appellee Branscomb PC should not have received any fee award given that the sale of the real property was procured by fraud, this Court finds no evidence of this alleged fraud. Also, appellants fail to provide the Court with any non-conclusory evidence that the bankruptcy court relied on erroneous findings of fact or law in awarding attorneys' fees and expenses to appellee Branscomb PC.

Thus, this Court finds that the bankruptcy court did not abuse its discretion in awarding attorneys' fees and expenses to appellee Branscomb PC. The bankruptcy court relied on the lodestar method to determine Branscomb PC's fee award and there is no evidence that it relied on erroneous findings of fact or law in reviewing this method.

## IV. Conclusion

Having considered the parties' briefs and the record, the Court finds that the bankruptcy court did not abuse its discretion in awarding professional fees and expenses for the period of November 1, 2016 through April 26, 2017. Accordingly, the judgment of the bankruptcy court will be **AFFIRMED** and the appeal will be **DISMISSED**.

Further, the Court finds that appellants' appeal is frivolous. Appellants have made this same argument on numerous occasions. Appellants' argument has repeatedly been composed of conclusory and unsupported allegations, and this Court has made clear that appellants' allegations are not credible and have not provided a basis for overturning any order issued by the bankruptcy court. The Court will therefore entertain a motion for sanctions from the appellee under Federal Rule of Bankruptcy Procedure 8020 for filing a frivolous appeal. Appellee shall file such a motion within 30 days of this memorandum opinion.

A separate order will follow.

SIGNED this 25th day of March, 2019.

Royce C. Lamberth
United States District Judge

